UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jerry W. Hershey and Kimberly S. Hershey, Civil No. 05-1081 (PAM/RLE)

 Plaintiffs,

v. **MEMORANDUM AND ORDER**

Deutsche Bank National Trust Company, as
Trustee for Long Beach Mortgage Loan
Trust 2002-4; Long Beach Mortgage Company;
CBSK Financial Group, Inc., d/b/a American
Home Loans; and NCLA Financial Services, Inc.,

 Defendants.

---

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order. For the reasons that follow, the Motion is granted and continued to Thursday, June 16, 2005, at 9:30 a.m.

**BACKGROUND**

In August 2002, Plaintiffs Jerry and Kimberly Hershey applied for a $109,000, mortgage loan on their home with Defendant CBSK Financial Group, d/b/a American Home Loans ("CBSK"), a loan broker. Plaintiffs wanted to pay off their existing $31,000 mortgage loan and $53,600 in debt owned to various creditors. CBSK, as the loan broker, arranged for Plaintiffs to obtain a mortgage loan from Defendant Long Beach Mortgage Company ("Long Beach") for $109,000. Long Beach is a residential mortgage lender and a wholly owned subsidiary of Washington Mutual.

On August 26, 2002, CBSK, Long Beach, and two men went to Plaintiffs' home to

obtain Plaintiffs' signatures on closing documents. Plaintiffs signed a mortgage and a promissory note, both dated August 26, 2002. Plaintiffs were given copies of the Notice of Right to Rescind stating that the date of the transaction was August 26, 2002, and that the last day to rescind was August 29, 2002.

Plaintiffs believe that Long Beach or CBSK contracted with Defendant NLCS Financial Services ("NLCS") to act as a settlement agent with Plaintiffs' creditors. Plaintiffs believe that NLCS conducted a settlement on August 30, 2002, in California, using their loan documents. Plaintiffs further maintain that NLCS settled Plaintiffs' original mortgage and the $53,600 in debt owed to various creditors. Plaintiffs did not select NLCS nor did they attend this settlement on August 30, 2002.

Plaintiffs claim that they never received copies of the mortgage loan documents nor disclosures relating to Plaintiffs' mortgage with Long Beach. However, they received their HUD-1 statement which shows that their creditors were paid in full. (Pls.' Ex. A.) Although the evidence indicates that the creditors were paid, Plaintiffs claim that their creditors were not paid and the amounts referenced on the HUD-1 were inaccurate. Plaintiffs have allegedly received creditor collection notices and have been subjected to lawsuits as a result of this failure. In addition, Jerry Hershey's wages have allegedly been paid to creditors pursuant to garnishment summons served on his employer.

On June 23, 2003, Long Beach assigned the mortgage to Defendant Deutsche Bank National Trust Company ("Deutsche Bank). Long Beach and Deutsche Bank, have demanded that Plaintiffs repay the $109,000 mortgage. Deutsche Bank commenced a mortgage

foreclosure demanding that Plaintiffs pay the balance and Plaintiffs' right of redemption expires on June 10, 2005.

Plaintiffs' Complaint seeks rescission of the mortgage under the Truth in Lending Act ("TILA"). The Complaint also includes claims for violation of the Minnesota Consumer Fraud Act and Minnesota Deceptive Trade Practices Act, breach of contract, conversion, and breach of Minn. Stat. § 58.13. The Complaint is against Deutsche Bank, as Trustee for Long Beach Mortgage Loan Trust, Long Beach, CBSK, and NLCS.

**DISCUSSION**

A temporary restraining order may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993). A court should determine "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase Sys., Inc., 640 F.2d at 113. No single factor is determinative. Id.

Plaintiffs will suffer irreparable harm if the temporary restraining order does not issue. Foreclosure proceedings have commenced and Plaintiffs' right of redemption expires on June 10, 2005. Thus, absent this Order, Plaintiffs will lose their home as well as any equity that they have established. Real property is unique, and therefore money damages may not

3

sufficiently compensate the harm. See Strangis v. Metro. Bank, 385 N.W.2d 47, 48 (Minn. Ct. App. 1986). Although the Court is cognizant that Defendants will suffer harm as a result of the delayed foreclosure, the balance of harms weighs in favor of Plaintiffs. Furthermore, the public interest is served by the issuance of the injunction, as Plaintiffs' claims are premised on enforcing contracts and preventing predatory lending practices.

Plaintiffs have asserted various claims against the various Defendants. In particular, Plaintiffs contend that Long Beach breached the terms of the contract by failing to ensure that Plaintiffs' creditors were paid in full. Although the facts presented by the parties differ, the circumstances of the case and the harm to Plaintiffs persuade the Court that Plaintiffs have demonstrated a sufficient likelihood of success on the merits with respect to their breach of contract claim.

**CONCLUSION**

Accordingly, the Court finds that the balance of equities requires the Court to issue a temporary restraining order to maintain the status quo. See Dataphase Sys., Inc., 640 F.2d at 113. The Court grants a temporary restraining order, but with caution, and encourages the parties resolve this dispute. Accordingly, based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Temporary Restraining Order (Clerk Doc. No. 1) is **GRANTED** and the redemption period set to expire on June 10, 2005, is **EXTENDED** to June 16, 2005;

2. The Temporary Restraining Order is continued to Thursday, June 16, 2005, at

        9:30 a.m. in Courtroom 1, of the Warren E. Burger Federal Building; and

3.      Pursuant to Fed. R. Civ. P. 65, Plaintiffs shall post a bond in the amount of $10,000 to secure this Temporary Restraining Order. In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

Dated: June 8, 2005

                                            s/ Paul A. Magnuson
                                            Paul A. Magnuson
                                            United States District Court Judge