UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jerry W. Hershey and Kimberly S. Hershey,                    Civil No. 05-1081 (PAM/RLE)

Plaintiffs,

v.                                                          **MEMORANDUM AND ORDER**

Deutsche Bank National Trust Company, as
Trustee for Long Beach Mortgage Loan
Trust 2002-4; Long Beach Mortgage Company;
CBSK Financial Group, Inc., d/b/a American
Home Loans; and NCLA Financial Services, Inc.,

Defendants.

_____

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction.   On

June 8, 2005, the Court issued a temporary restraining order that extended the expiration of

Plaintiffs' redemption period from June 10, 2005, to June 16, 2005.   For the reasons that

follow, the Court denies Plaintiffs' Motion for Preliminary Injunction.

**DISCUSSION**

A preliminary injunction may be granted only if the moving party can demonstrate: (1)

a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that

the public interest favors the movant; and (4) that the movant will suffer irreparable harm

absent the restraining order.   Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir.

1981).   Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to

be routinely granted."   Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir.

1993).

**A.       Likelihood of Success on the Merits**

     1.       <u>Breach of Contract</u>

Plaintiffs claim that Defendants are in breach of contract for failing to pay Plaintiffs' creditors.    However, Defendants submit sufficient documentary evidence that indicates that some of Plaintiffs' creditors were indeed paid by Defendants.    This evidence directly conflicts with Plaintiffs' assertions.    Furthermore, Defendants submit evidence that indicates that Plaintiffs were aware that payment had been made by Defendants.    Accordingly, the Court finds that Plaintiffs cannot demonstrate a likelihood of success on the merits on their breach of contract claim.

     2.       <u>Truth In Lending Act</u>

The Court further finds that Plaintiffs cannot sustain their burden on the Truth in Lending Act ("TILA") claims.    Plaintiffs contend that their mortgage transaction was subject to TILA, and that they are entitled to rescind the mortgage transaction.    Plaintiffs contend that their Notice of Right to Cancel the mortgage contained the wrong date, and alternatively, that they did not receive material disclosures as required by TILA.    As a result, Plaintiffs claim that they had three years to rescind the mortgage, and that their rescission in November 2004 is timely.

Plaintiffs signed the mortgage papers on August 26, 2002, and received a Notice of Right to Cancel the mortgage on the same day.    The Notice of the Right to Cancel expressly stated that Plaintiffs have the legal right to cancel the transaction, within three business days, of: (1) the date of the transaction, which was noted as August 26, 2002; (2) the date Plaintiffs

2

received their TILA disclosures; or (3) the date Plaintiffs received the notice of their right to cancel.  (Pls.' Ex. D.)   This Notice also indicates that the cancellation must be postmarked or telegramed by midnight, August 29, 2002.  Plaintiffs did not exercise this Right to Cancel until November 15, 2004.

Plaintiffs first contend that the "date of the transaction" was not August 26, 2002, the date the mortgage was executed, but rather it was August 30, 2002, the day that NLCS conducted a purported settlement with Plaintiffs' creditors.   Plaintiffs claim that because of this error, they have three years to rescind.   Plaintiffs' first argument, that they are entitled to rescission because the Notice of the Right to rescind contained the wrong "date of transaction" is wrong.   The law provides that the "date of the transaction" is the date that the borrower and the lender entered into the agreement.  <u>See</u>   <u>Gaona v. Town & Country Credit</u>, 324 F.3d 1050, 1053-54 (8th Cir. 2003); <u>Dau v. Fed. Land Bank of Omaha</u>, 627 F. Supp. 246 (N.D. Iowa 1985) (three-year period commenced to run when mortgage was executed); <u>see</u> <u>also</u> 12 C.F.R. § 226.2(a)(13) (consummation of the transaction is when the consumer becomes "contractually obligated" on a credit transaction).   Thus, in this case, the date of the transaction is the date of the closing, August 26, 2002, and thus the Notice of the Right to Rescind is accurate.

Plaintiffs also argue that they never received required TILA disclosures.   In a case where the borrower has not received TILA-mandated disclosures, the borrower retains the right of rescission under 15 U.S.C. § 1635(a) for three years after the date of the loan.   Plaintiffs claim that they never received any material disclosures on the date of the closing.   However, Plaintiffs signed an acknowledgment form that they received the TILA disclosures.   (June 8,

2005 Wassweiler Aff. Ex. D).   Furthermore, Plaintiffs offer no evidence to support their bald allegations or to rebut Defendants' assertions.   Accordingly, the Court finds that Plaintiffs fail to demonstrate a likelihood of success on the merits on their TILA claims.

**B.      Irreparable Harm**

Plaintiffs claim that they will suffer irreparable harm unless the injunction is issued. Indeed, courts have held that real property is "unique."   However, Plaintiffs have failed to demonstrate that an extraordinary injunctive remedy is their only recourse.   Indeed, Plaintiffs conceded at oral argument that money damages will adequately compensate Plaintiffs in the event that they would prevail in this litigation.   Although the Court acknowledges the personal and memorial value of Plaintiffs' home, the Court is likewise cognizant that the issues underlying this litigation have languished for an extensive period of time.   Thus, the Court finds that because a money judgment will sufficiently compensate Plaintiffs in the event they prevail in this litigation, injunctive relief is inappropriate.[1]

---

[1]   Because the Court finds that Plaintiffs fail to demonstrate a likelihood of success on the merits and irreparable harm, a discussion on the remaining Dataphase factors is unnecessary.

**CONCLUSION**

Plaintiffs fail to demonstrate that they are entitled to a preliminary injunction. As a result, the temporary restraining order issued on June 8, 2005, expires today, June 16, 2005. Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Clerk Doc. No. 2) is **DENIED**.

Dated: June 16, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

5