UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jerry W. Hershey, and
Kimberly S. Hershey

        Plaintiffs,

vs.

Deutsche Bank National Trust
Company, a Trustee for Long
Beach Mortgage Loan Trust
2002-4; Long Beach Mortgage
Company; and CBSK Financial
Group, Inc., and doing business as
American Home Loans; NLCS
Financial Services, Inc.

        Defendants.                Civ. No. 05-1081 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

It appears from the Record that this action was commenced in Minnesota State

Court by the service of a Summons and Complaint upon each of the Defendants. On June 3, 2005, the Defendant Long Beach Mortgage Company, with the consent of the other Defendants, filed a Notice of Removal to this Court. <u>Docket No. 1</u>. On July 11, 2005, it having appeared that twenty (20) days had passed, and the Defendants Deutsche Bank National Trust Company, CBSK Financial Group, Inc. ("CBSK"), and NLCS Financial Services, Inc. ("NLCS"), had not responded to the Plaintiff's allegations, whether by means of an Answer, by some other responsive pleading, we issued an Order which directed counsel for the Plaintiffs to proceed as follows:

> 1.   Notify the Defendants Deutsche Bank National Trust Company, CBSK Financial Group, Inc., and NLCS Financial Services, Inc. immediately that they are required to serve and file Answers, or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;
>
> 2.   File an application for entry of default unless the required pleadings are filed within 10 days of the referenced notification; or
>
> 3.   Advise the Court in writing of any good cause to the contrary.

Counsel was further admonished that the failure to comply with these directives, within 20 days of the date of the Order -- that is, by July 31, 2005 -- could result in the case

being dismissed for lack of prosecution.

However, notwithstanding our clear directives, counsel for the Plaintiffs has failed to abide by the terms of our Order of July 11, 2005, with respect to the Defendants CBSK, and NLCS .[1]  The Record lacks any indication that the Plaintiffs have advised CBSK, or NLCS, of their need to file appropriate documentation which complies with the terms of our Order; no such documentation has been filed by CBSK, and NLCS; no resulting application for entry of default has been filed by the Plaintiffs; and the Court has not been advised of any extraordinary circumstances which would render compliance with the Court's Order either impracticable or otherwise unnecessary.

Consequently, because of the Plaintiffs' failure to adhere to the directives contained in our Order of July 11, 2005, we are bound to recommend the dismissal of the Plaintiffs' Complaint at this time, with respect to CBSK, and NLCS, for lack of prosecution.

THEREFORE, It is --

---

[1]The Defendant Deutsche Bank National Trust Company answered the Plaintiffs' Complaint on August 15, 2005.

RECOMMENDED:

That the Plaintiffs' Complaint be dismissed as to CBSK Financial Group, Inc., and NLCS Financial Services, Inc., without prejudice, both for failure to comply with the terms of our Order of July 11, 2005, and for lack of prosecution.

Dated: August 16, 2005         *s/Raymond L. Erickson*
                               Raymond L. Erickson
                               UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 2, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than September 2, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.